**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
PLANO DIVISION**

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** § § § **Plaintiff,** § § vs. § § Civil Action No. **OMAR ALI RIZVI,** § **BELLWETHER VENTURE CAPITAL FUND I, INC.,** § **and** § **STRATEGY PARTNERS, LLC** § § **Defendants.** § § | |

**COMPLAINT**

Plaintiff Securities and Exchange Commission ("Commission"), for its Complaint against Defendants Omar Ali Rizvi ("Rizvi"), Bellwether Venture Capital Fund I, Inc. ("Bellwether"), and Strategy Partners, LLC ("Strategy Partners")(collectively, the "Defendants"), alleges as follows:

**Summary**

1. From August 2004 through at least June 2005, Rizvi, a former securities attorney, raised approximately $1,873,385 from at least 173 investors throughout the United States in a fraudulent, unregistered securities offering on behalf of Bellwether, an unregistered investment company Rizvi controlled. Rizvi, along with Strategy Partners, an unregistered broker Rizvi controlled, offered and sold Bellwether's securities to the public in the offering. In the offering, Rizvi misrepresented or omitted to disclose to investors numerous material facts regarding, among other things, the existence of Rizvi's felony criminal record, the related surrender of his

law license, the professionals employed by Bellwether and Strategy Partners, Bellwether's investment returns and registration status, and the payment of commissions to affiliates. Moreover, Rizvi misappropriated and misapplied approximately $1,199,905 of the offering proceeds, contrary to representations made in the offering regarding the use of proceeds.

2. By reason of the foregoing, the Defendant Rizvi violated Sections 5(a), 5(c), and 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77e(a), 77e(c), and 77q(a)], Sections 10(b) and 15(a)(1) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78j(b) and 78o(a)(1)] and Rule 10b-5 [17 C.F.R. § 240.10b-5] thereunder; Defendant Bellwether violated Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. §§ 77e(a) and 77e(c)] and Section 7(a) of the Investment Company Act of 1940 ("Investment Company Act") [15 U.S.C. § 80a-7(a)]; and Defendant Strategy Partners violated Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. §§ 77e(a) and 77e(c)] and Section 15(a)(1) of the Exchange Act [15 U.S.C. § 78o(a)(1)]. In the interest of protecting the public from any further violations of the federal securities laws, the Commission brings this action against the Defendants, seeking permanent injunctive relief, accountings, disgorgement plus prejudgment interest, and civil money penalties.

**Jurisdiction and Venue**

3. The Commission brings this action under Section 20(b) of the Securities Act [15 U.S.C. § 77t(b)], Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)], and Section 42(d) of the Investment Company Act [15 U.S.C. § 80a-41(d)], seeking to restrain and enjoin permanently the Defendants from engaging in the acts, practices, and courses of business alleged herein.

4. This Court has jurisdiction over this action under Section 22(a) of the Securities Act [15 U.S.C. § 77v(a)], Sections 21(e) and 27 of the Exchange Act [15 U.S.C. §§ 78u(e) and 78aa], and Section 44 of the Investment Company Act [15 U.S.C. § 80a-43].

5. The Defendants, directly and indirectly, made use of the mails and of the means and instrumentalities of interstate commerce in connection with the transactions, acts, practices, and courses of business described in this Complaint.

6. Venue is proper because transactions, acts, practices, and courses of business described below occurred within the jurisdiction of the Eastern District of Texas.

**Parties**

7. Plaintiff Commission is an agency of the United States of America charged with enforcing the federal securities laws.

8. Defendant Rizvi, 40 years old, resides at 2205 Simplicity Drive, Irvine, California.

9. Defendant Bellwether is a Maryland corporation with its principal place of business in Irving, California.

10. Defendant Strategy Partners is a California limited liability company with its principal place of business in Newport Beach, California.

**Statement of Facts**

*The Defendants' Background and Status*

11. Rizvi engaged in the securities-related misconduct described herein, despite an ample legal education and experience in securities law. Rizvi completed law school in California in 1992 and graduated from Georgetown University Law School in 1993 with a Master of Laws degree in Securities and Financial Regulation. From June 1993 through

November 2001, Rizvi practiced securities law in California, providing securities-related legal counsel to companies, among other things.

12. In November 2001, the State Bar of California suspended Rizvi's law license following his August 2001 conviction on multiple violent felonies, including assault with a deadly weapon. For these crimes, Rizvi was sentenced on August 17, 2001, to 270 days imprisonment and five years probation. In December 2001, Rizvi voluntarily surrendered his law license in lieu of disbarment in California.

13. Rizvi formed Bellwether in September 2002 and has controlled the company from its inception through the present. Bellwether is an investment company that was originally incorporated as Landmark Microcap Fund, Inc. The company changed its name to Rhino Microcap Fund, Inc. in November 2002, to Tiger Fund, Inc. in January 2003, and then to Bellwether in March 2005. Bellwether has never been registered with the Commission as an investment company pursuant to Section 8 of the Investment Company Act [15 U.S.C. § 80a-8]. Moreover, Bellwether has never filed a registration statement with the Commission under Section 12 of the Exchange Act [15 U.S.C. § 78l].

14. Rizvi formed Strategy Partners in June 2002 and has owned and controlled the company since its inception through the present. Strategy Partners has never been registered with the Commission in any capacity.

*The Fraudulent Securities Offering*

15. In August 2004, Rizvi filed with the Commission a Form 1-E on Bellwether's behalf, providing notice of the company's intent to raise funds in a securities offering under Securities Act Regulation E [17 C.F.R §§ 230.601 – 230.610a]. Regulation E, which is available exclusively to registered small business investment companies and to statutorily created entities

called business development companies ("BDCs"), permits these entities to raise up to $5 million per year in public securities offerings that are exempt from registration under the Securities Act. Regulation E, Rule 605(a)(1) prohibits a written offer of securities to be made unless an offering circular containing the information set forth in Schedule B of Regulation E is given to the person to whom such offer is made. Schedule B, Item 7 requires the offering circular to include, among other things, an income statement for each of the last two fiscal years.

16. Pursuant to Section 54 of the Investment Company Act [15 U.S.C. § 80a-53], a company is only eligible to become a BDC if it has a class of equity securities registered under Section 12 of the Exchange Act [15 U.S.C. § 78l] or if it has filed a registration statement under that section. An eligible company becomes a BDC by filing Form N-54A [17 C.F.R § 274.53] with the SEC. Because Bellwether has never filed a registration statement under Section 12 of the Exchange Act [15 U.S.C. § 78l], Bellwether was never eligible to become a BDC. Moreover, Bellwether never filed a Form N-54A with the SEC, so it never became a BDC. Because Bellwether was neither a registered small business investment company nor a BDC, the Regulation E registration exemption was not applicable to any Bellwether securities offering, despite Bellwether's August 2004 Form 1-E filing.

17. From August 2004 through at least June 2005, in purported reliance on the Regulation E exemption and the August Form 1-E filing, Bellwether raised approximately $1,873,385 from at least 173 investors throughout the United States. Through Strategy Partners, Rizvi employed a team of sales persons who also solicited investors in the Bellwether offering. From the offering proceeds, Strategy Partners paid these sales persons at least a 10% commission on each sale of Bellwether securities.

18. The Bellwether Form 1-E included an offering circular, which was drafted by Rizvi and contained certain representations regarding the offering. The offering circular did not include an income statement, as required by Regulation E, Rule 605(a)(1). Bellwether also issued a press release on April 12, 2005, also drafted by Rizvi, describing the investment company's business during the offering. In addition, the Defendants solicited investors on behalf of Bellwether through Bellwether's website, which Rizvi reviewed and approved. The Defendants also solicited investors by oral presentation, by email, and through pre-recorded messages delivered through automated telephone calls to recipients throughout the United States.

*The Misleading Statements and Misapplication of Offering Proceeds*

19. These offering materials contained the following false or misleading statements. The offering circular stated that Bellwether had "elected to be treated as a business development company under the Investment Company Act of 1940." The press release and website also said that Bellwether was a BDC. In reality, Bellwether had not filed an election to become a BDC and, therefore, was never subject to regulation as a BDC.

20. The offering circular stated "no sales commissions or finders fees will be paid to any employee of the Fund or its officers, directors or affiliates in connection with the offer for sale, sale or distribution of the securities contemplated within this offering." In reality, Bellwether paid commissions and finders fees to its affiliate, Strategy Partners, and to employees of Strategy Partners.

21. The offering circular provided a detailed description of Rizvi's legal education and legal career dating back over 10 years, noting that Rizvi was "[n]o longer active in practice" as a securities law. The offering circular omitted to disclose, however, that California suspended

Rizvi's law license following his criminal convictions and that Rizvi subsequently surrendered his law license in lieu of disbarment.

22. The website said that Steven Levine is a partner in Strategy Partners and serves as Executive Vice President of Credit and Margin Regulation for Bellwether, providing oversight to Bellwether's "overall development and use of leverage." According to the offering circular, Levine "was the Assistant Chief of Credit Regulations at the New York Stock Exchange before he retired in 1998." In reality, Levine was not a partner in Strategy Partners and was not an Executive Vice President at Bellwether. Moreover, Levine did not provide any oversight to Bellwether. The offering circular contained virtually identical false statements regarding Levine's association with Bellwether and Strategy.

23. The website said that Charles B. Manuel acts in the capacity of chief compliance officer to Bellwether and is partner of and general counsel to Strategy Partners. The website describes Manuel as a graduate of Harvard Law School who was a senior partner at the law firm Morgan, Lewis & Bockius, LLP for seven years. In reality, Manual never served as either a partner or the general counsel of Strategy Partners and never served as Bellwether's chief compliance officer.

24. The offering circular said that, after Bellwether paid certain expenses from the offering proceeds—including a $259,852 payment to Strategy Partners in reimbursement of expenses Strategy Partners purportedly advanced Bellwether in 2003—Bellwether would apply 73% of the offering proceeds to investment in "venture financing transactions." According to the offering circular, if the offering raised the maximum $5 million, then Bellwether would have $3,664,148 available for investment (73% of $5 million). In fact, the offering raised only approximately $1,873,385. Bellwether spent only approximately $673,480 (36%) of the offering

proceeds in venture financing transactions. Rizvi transferred all the remaining offering proceeds away from Bellwether, leaving no other proceeds available for investment in venture financing transactions. For example, Bellwether paid Strategy Partners approximately $962,644 of the offering proceeds—approximately $702,792 more than the disclosed $259,852 payment to reimburse Strategy Partners for the purported 2003 advancement.

25. The press release of April 12, 2005, stated that Bellwether had "experienced a 550% return on its investments in the past year." In reality, Bellwether never realized any gains on its holdings and never paid any returns to its investors.

26. The automated phone message, which Rizvi reviewed and approved, stated, "Our last investment realized returns of over 800%." In reality, Bellwether never realized any returns.

27. The website contained the text of a presentation entitled "Pre-IPO Launch." The presentation's bullet points said that Bellwether's "Specialized Investment Strategy – Returned in excess of 1000% in 2004." Again, Bellwether never in fact had any returns.

## FIRST CLAIM

### Violations of Section 5(a) and 5(c) of the Securities Act

28. Plaintiff Commission re-alleges and incorporates paragraphs 1 through 27 of this Complaint by reference as if set forth *verbatim*.

29. Defendants, directly or indirectly, singly and in concert with others, have been offering to sell, selling, and delivering after sale, certain securities, and have been, directly and indirectly: (a) making use of the means and instruments of transportation and communication in interstate commerce and of the mails to sell securities, through the use of written contracts, offering documents and otherwise; (b) carrying and causing to be carried through the mails and in interstate commerce by the means and instruments of transportation, such securities for the

purpose of sale and for delivery after sale; and (c) making use of the means or instruments of transportation and communication in interstate commerce and of the mails to offer to sell such securities.

30. As described in paragraphs 1 through 27, the investments described herein have been offered and sold to the public. No registration statements were ever filed with the Commission or otherwise in effect with respect to these securities.

31. By reason of the foregoing, the Defendants have violated and, unless enjoined, will continue to violate Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. §§ 77e(a) and 77e(c)].

## SECOND CLAIM

### Violations of Section 17(a) of the Securities Act

32. Plaintiff Commission re-alleges and incorporates paragraphs 1 through 27 of this Complaint by reference as if set forth *verbatim*.

33. Defendant Rizvi, directly or indirectly, singly or in concert with others, in the offer or sale of securities, by use of the means and instrumentalities of interstate commerce and by use of the mails has: (a) employed devices, schemes, and artifices to defraud; (b) obtained money or property by means of untrue statements of a material fact and omitted to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (c) engaged in transactions, practices, and courses of business which operate or would operate as a fraud and deceit upon the purchasers.

34. As a part of and in furtherance of his scheme, the Defendant Rizvi, directly and indirectly, prepared, disseminated, or used contracts, written offering documents, promotional materials, investor and other correspondence, and oral presentations, which contained untrue

statements of material facts and misrepresentations of material facts, and which omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, including, but not limited to, those set forth in Paragraphs 1 through 27, above.

35. With respect to violations of Sections 17(a)(2) and (3) of the Securities Act, Defendant Rizvi was negligent in his actions regarding the representations and omissions alleged herein. With respect to violations of Section 17(a)(1) of the Securities Act, Defendant Rizvi made the above-referenced misrepresentations and omissions knowingly or with severe recklessness regarding the truth.

36. By reason of the foregoing, Defendant Rizvi has violated and, unless enjoined, will continue to violate Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)].

## THIRD CLAIM

### Violations of Section 10(b) of the Exchange Act and Rule 10b-5

37. Plaintiff Commission re-alleges and incorporates paragraphs 1 through 27 of this Complaint by reference as if set forth *verbatim*.

38. Defendant Rizvi, directly or indirectly, singly or in concert with others, in connection with the purchase or sale of securities, by use of the means and instrumentalities of interstate commerce and by use of the mails has: (a) employed devices, schemes, and artifices to defraud; (b) made untrue statements of a material fact and omitted to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (c) engaged in acts, practices, and courses of business which operate or would operate as a fraud and deceit upon purchasers, prospective purchasers, and any other persons.

39. As a part of and in furtherance of his scheme, Defendant Rizvi, directly and indirectly, prepared, disseminated, or used contracts, written offering documents, promotional materials, investor and other correspondence, and oral presentations, which contained untrue statements of material facts and misrepresentations of material facts, and which omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, including, but not limited to, those set forth in Paragraphs 1 through 27 above.

40. Defendant Rizvi made the above-referenced misrepresentations and omissions knowingly or with severe recklessness regarding the truth.

41. By reason of the foregoing, Defendant Rizvi violated and, unless enjoined, will continue to violate Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

## FOURTH CLAIM

### Violations of Section 15(a)(1) of the Exchange Act

42. Plaintiff Commission re-alleges and incorporates paragraphs 1 through 27 of this Complaint by reference as if set forth *verbatim*.

43. Defendants Rizvi and Strategy Partners, by engaging in the conduct described above, directly or indirectly made use of the mails or means or instrumentalities of interstate commerce to effect transactions in, or to induce or attempt to induce, the purchase or sale of securities, without being registered as a broker or dealer, or being associated with a registered broker or dealer in accordance with Section 15(a) (1) of the Exchange Act [15 U.S.C. § 78o(a) (1)].

44. Accordingly, Defendants Rizvi and Strategy Partners were brokers within the definition of that term in Section 3(a)(4) of the Exchange Act which defines "broker" as any

person "engaged in the business of effecting transactions in securities for the account of others." Defendants Rizvi or Strategy Partners were never so registered and, acted as brokers which included: (1) solicitation of investors to purchase securities; (2) involvement in negotiations between the issuer and the investor; and (3) receipt of transaction-related compensation.

45. By reason of the foregoing, Defendants Rizvi and Strategy Partners violated and, unless enjoined, will continue to violate Section 15(a) (1) of the Exchange Act [15 U.S.C. § 78o(a) (1)].

## FIFTH CLAIM

### Violations of Section 7(a) of the Investment Company Act

46. Plaintiff Commission re-alleges and incorporates paragraphs 1 through 27 of this Complaint by reference as if set forth *verbatim*.

47. Defendant Bellwether issued securities in a public offering and held itself out as being engaged primarily, or proposed to engage primarily, in the business of investing, reinvesting, or trading in securities.

48. Accordingly, Defendant Bellwether was an investment company within the definition of that term in Section 3(a)(1) of the Investment Company Act [15 U.S.C. § 80a-3(a)(1)], and was required to register as an investment company with the Commission under Section 8(a) of the Investment Company Act [15 U.S.C. § 80a-8(a)]. Defendant Bellwether was never so registered and, while acting as an investment company, Bellwether offered, purchased and sold securities by the use of the mails and the means and instrumentalities of interstate commerce and engaged in business in interstate commerce.

49. By reason of the foregoing, Defendant Bellwether violated and, unless enjoined, will continue to violate Section 7(a) of the Investment Company Act [15 U.S.C. § 80a-7(a)].

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff respectfully requests that this Court:

### I.

Permanently enjoin each Defendant from violating Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. §§ 77e(a) and 77e(c)].

### II.

Permanently enjoin Defendant Rizvi from violating Section 17(a) of the Securities Act [15 U.S.C. § 77e(a)] and Section 10(b) of the Exchange Act [15 U.S.C. §§ 78j(b)] and Rule 10b-5 [17 C.F.R. § 240.10b-5] thereunder.

### III.

Permanently enjoin Defendant Bellwether from violating Section 7(a) of the Investment Company Act [15 U.S.C. § 80a-7(a)].

### IV.

Permanently enjoin Defendants Rizvi and Strategy Partners from violating Section 15(a)(1) of the Exchange Act [15 U.S.C. § 78o(a)(1)].

### V.

Order the Defendants to disgorge an amount equal to the funds and benefits obtained illegally, or to which they are otherwise not entitled, as a result of the violations alleged, plus prejudgment interest on that amount.

### VI.

Order the Defendants to pay civil monetary penalties in an amount determined as appropriate by the Court pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)],

Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)], and Section 42(e) of the Investment Company Act [15 U.S.C. § 80a-41(e)] for the violations alleged herein.

## VII.

Order the Defendants to provide a sworn accounting, providing a detailed account of the receipt and disposition of all proceeds from the offering described in Paragraphs 1 through 27, above.

## VIII.

Order such other relief as this Court may deem just and proper.

Respectfully submitted,

DATED:  July 31, 2009            **s/Timothy S. McCole**

TIMOTHY S. McCOLE
Plaintiff's Lead Attorney
Mississippi Bar No. 10628
United States Securities and Exchange Commission
Burnett Plaza, Suite 1900
801 Cherry Street, Unit 18
Fort Worth, Texas 76102
Telephone:  (817) 978-6453
FAX:  (817) 978-4927
E-mail:  McColeT@SEC.gov