TIMOTHY S. McCOLE
Email: mccolet@sec.gov
U.S. Securities and Exchange Commission
801 Cherry Street, Suite 1900
Fort Worth, Texas 76102
Telephone:  (817) 978-6453
Facsimile:   (817) 978-4927

LOCAL COUNSEL
JOHN McCOY, Cal. Bar No.  166244
Email: mccoyj@sec.gov
U.S. Securities and Exchange Commission
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036
Telephone:  (323) 965-4561
Facsimile:   (323) 965-9308
Attorneys for Plaintiff
U.S. Securities and Exchange Commission

JS-6

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA SOUTHERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>OMAR ALI RIZVI, BELLWETHER VENTURE CAPITAL FUND I, INC., and STRATEGY PARTNERS, LLC,<br><br>　　　　Defendants. | Case No. SA 8:10-cv-01632-JVS-FFM<br><br>**JUDGMENT AS TO DEFENDANTS OMAR ALI RIZVI, BELLWETHER VENTURE CAPITAL FUND I, INC., and STRATEGY PARTNERS, LLC.**<br><br>Date:　　July 23, 2012<br>Time:　　1:30 PM<br>Place:　　Courtroom 10C<br>　　　　　Ronald Reagan Fed.<br>　　　　　Bldg. & U.S. Courthouse<br>　　　　　411 W. 4th Street<br>　　　　　Santa Ana, CA 92701 |

　　　Plaintiff Securities and Exchange Commission ("Commission") having moved for summary judgment against Defendants Omar Ali Rizvi, Bellwether Venture Capital Fund I, Inc. (Bellwether), and Strategy Partners, LLC; the Court having granted summary judgment as to disgorgement and prejudgment interest; the defendants consenting to injunctive relief on those claims for which Defendants were found liable; and the Court being fully advised in the premises and good cause appearing:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants Rizvi, Bellwether, and Strategy Partners and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from further violating Section 5 of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

II.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant Rizvi and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from further violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

III.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant Rizvi and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from further violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## IV.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant Bellwether and its agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from further violating, directly or indirectly, Section 7(a) of the Investment Company Act [15 U.S.C. § 80a-7(a)], which provides: No investment company organized or otherwise created under the laws of the United States or of a State and having a board of directors, unless registered under section 8, shall, in transactions not merely incidental to its dissolution, directly or indirectly—

(1) offer for sale, sell, or deliver after sale, by the use of the mails or any means or instrumentality of interstate commerce, any security or any interest in a security, whether the issuer of such security is such investment company or another person; or offer for sale, sell, or deliver after sale any such security or interest, having reason to believe that such security or interest will be made the subject of a public offering by use of the mails or any means or instrumentality of interstate commerce;

(2) purchase, redeem, retire, or otherwise acquire or attempt to acquire, by use of the mails or any means or instrumentality of interstate commerce, any security or any interest in a security, whether the issuer of such security is such investment company or another person;

(3) control any investment company which does any of the acts enumerated in paragraphs (1) and (2);

    (4) engage in any business in interstate commerce; or

    (5) control any company which is engaged in any business in interstate commerce.

## V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Rizvi, Strategy Partners, and Bellwether are jointly and severally liable for disgorgement of $1,815,885, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $786,571.06 for a total of $2,602,456.06.  Defendants shall satisfy this obligation by paying $2,602,456.06, jointly and severally, to the Securities and Exchange Commission within 180 after entry of this Judgment.

  Defendants may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the Commission website at http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

  Enterprise Services Center

  Accounts Receivable Branch

  6500 South MacArthur Boulevard

  Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Defendant's name; and specifying that payment is made pursuant to this Judgment.

Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendants relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendants.

The Commission shall hold the funds (collectively, the "Fund") and may propose a plan to distribute the Fund subject to the Court's approval. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 180 days following entry of this Judgment. Defendants shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction over this action for all purposes, including to implement and enforce the terms of this Judgment and other orders and decrees which may be entered, and to grant such other relief as this Court may deem necessary and just.

VII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

Dated: July 24, 2012

_____
James V. Selna
United States District Court Judge

Presented by:

/s/Timothy S. McCole
Attorney for Plaintiff
Securities and Exchange Commission

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 18th of June 2012, I electronically filed the foregoing document with Clerk of the Court for the Central District of California, by using the CM/ECF system which will send a notice of electronic filing to the following CM/ECF participants.

Timothy S. McCole, *Counsel for Securities and Exchange Commission*

John McCoy, *Counsel for Securities and Exchange Commission*

Mohammed I Abdulla, *Counsel for Defendants*

                                    **/s/ Timothy S. McCole**
                                    Timothy S. McCole

9